**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Corey POWELL, Appellant.**

Superior Court of Pennsylvania.

Argued July 26, 2007.

Filed Oct. 9, 2007.

Karl Baker, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: LALLY–GREEN, KLEIN and BENDER, JJ.

OPINION BY KLEIN, J.:

¶ 1 Corey Powell was convicted for carrying a firearm without a license and carrying a firearm on the street or public property in Philadelphia and sentenced to a total of four year's probation. He appeals, claiming the trial court erred in denying his motion to suppress the gun, claiming there was insufficient cause to pat him down. We affirm.

■ ¶ 2 Powell was removed from the passenger seat of a car where he and the driver appeared to be sleeping while the lights of the car were on. The car was in a high crime area. He was only ordered out of the car after the officers noticed a bulge in the waistband of the driver and found that the driver had a loaded gun. After the driver was found to have a loaded gun when he appeared to be sleeping in a car in a high crime area, there was no choice left to the officers but to investigate the passenger and every reason to pat down the passenger for the officer's safety. Powell's claim that the seizure was unlawful because the officer had no reasonable suspicion that he was armed is without merit. We affirm [1]

¶ 3 The relevant facts are accurately summarized by the trial court as follows:

On May 27, 2006, at approximately 3:48 a.m., Philadelphia Police Officer Foster was alone in a marked vehicle on routine patrol in the area of the 5400 block of Gibson Drive in the City and County of Philadelphia. This area is a high crime area where Officer Foster has made numerous narcotics and firearms arrests. At this time, Officer Foster passed a blue Kia SUV legally parked with its lights on. Officer Foster passed the Kia SUV head on because she was traveling northbound while the Kia SUV was parked facing south. Officer Foster ob-

---

1. Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Since the prosecution prevailed in the suppression court, we may consider only the evidence of the prosecution. Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error. *Commonwealth v. Jackson,* 907 A.2d 540, 542 (Pa.Super.2006).

served two individuals in the Kia SUV that appeared to be unconscious. One male individual sat in the driver seat while Defendant Powell sat in the passenger seat.

Officer Foster turned her vehicle around and ran the tags of the blue Kia SUV through the NCIC system, which came back normal. Officer Foster then approached the driver's side of the Kia SUV and knocked on the window to investigate. Officer Foster observed the individual in the driver seat move and also observed a bulge on that individual's left waistband. Because Officer Foster believed that the bulge was consistent with the concealment of a firearm, she called for backup police officers. Immediately, Officer Jones arrived at the scene and approached the driver side door of the Kia SUV. At this point, the occupants in the Kia SUV were still asleep. Officer Jones opened the door, pulled the individual in the driver seat out of the vehicle and recovered a firearm from his person. Immediately thereafter, the officers placed that individual under arrest.

At this time, Powell was still asleep in the passenger side of the Kia SUV. Instantly, the officers pulled Powell out of the vehicle and conducted a protective frisk of Powell's person. During the frisk, the officers recovered from Powell's right rear pants pocket a black Smith & Wesson semi-automatic handgun loaded with fourteen live rounds and one in the chamber.

(Trial Court Opinion, 3/1/07 at 2–3).

■ ¶ 4 Powell claims that the seizure was unlawful because the officer lacked reasonable suspicion that he, a sleeping passenger in a car, was a party to criminal activity and was armed and dangerous. He notes that Pennsylvania has rejected the "automatic companion" rule, which

gives officers the right to search all companions of arrestees within the immediate vicinity. *Commonwealth v. Graham*, 454 Pa.Super. 169, 685 A.2d 132, 135 (1996), *rev' on other grounds*, 554 Pa. 472, 721 A.2d 1075 (1998). While *Graham* stands for the principal that a companion may not be *automatically* patted down, in this case there were far more reasons to pat down Powell than the mere fact he was the companion of the driver. Unlike the *Graham* situation, where the companion was being arrested on a warrant, here there was a crime going on at the moment, the possession of a loaded firearm by the driver. Coupled with the fact that the men appeared to be sleeping in a car with the lights on in a high crime area, it is logical for the police to realize they are up to no good and to suspect that if the driver had a loaded gun, the passenger did as well. They were under a duty to investigate the passenger and for safety obligated to pat him down.

■ ¶ 5 Under Pennsylvania law a police officer may conduct an investigative detention of a suspect if the officer has a reasonable suspicion, based on specific and articulable facts, that criminality is afoot. *Commonwealth v. Zhahir*, 561 Pa. 545, 751 A.2d 1153, 1156 (2000) (citing *Terry v. Ohio*, 392 U.S. 1, 19–20, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). An arrest or custodial detention must be supported by probable cause. *In Interest of S.J.*, 551 Pa. 637, 713 A.2d 45, 47 (1998).

Even if probable cause to arrest is absent, the police officer may still legitimately seize a person, and conduct a limited search of the individual's outer clothing in an attempt to discover the presence of weapons which might be used to endanger the safety of the police officer and others, if the police officer observes unusual and suspicious conduct on the part of the individual seized

which leads him reasonably to conclude that criminal activity may be afoot and that the person with whom he is dealing may be armed and dangerous.

*Commonwealth v. Rodriquez,* 532 Pa. 62, 614 A.2d 1378, 1383–84 (1992).

¶ 6 *In the Interest of N.L.,* 739 A.2d 564 (Pa.Super.1999), is instructive. In *N.L.,* two men robbed a woman and moments later, the police and the victim approached a group of four men, one of whom the victim identified as one of the men who had robbed her. The police ordered the men, including the defendant, to put their hands against a wall so police could pat them down. A handgun was subsequently found on the defendant. *Id.* This court stated, "[g]iven these circumstances, we do not find that the minimal intrusion of a safety-oriented frisk was unwarranted....[W]e must consider the 'totality of the circumstances' as viewed through the eyes of a trained officer to determine this issue." *Id.* The court determined that several factors supported the officer's reasonable suspicion that he may be in danger, and could therefore pat down all of the men, including: a crime had been committed, belief that the perpetrator had a gun, it was after midnight, and the officer was in a high drug-traffic area. *Id.; see also Commonwealth v. Jackson,* 907 A.2d 540, 543 (Pa.Super.2006) (holding pat down of group of men was justified where one of men was suspect in crime; area was known for its high crime and community had a history of inhabitants who reacted violently to officers).

¶ 7 This is not an issue of the officers conducting a search substantiated by the automatic-companion rule. Instead, based on the totality of the circumstances, through the eyes of highly trained officers, they properly searched Powell for their own safety. *N.L., supra.* We believe it would have been absurd and dangerous to allow Powell to continue sleeping while the driver was being cuffed. Moreover, it was reasonable for the officers to conclude that criminal activity was afoot and to search Powell where: the officers had already retrieved a gun from the driver, Powell was next to him in the passenger side of the Kia SUV, and it was late at night in a known high-crime area. *Rodriquez, supra.*

¶ 8 Judgment of sentence affirmed. Jurisdiction relinquished.

¶ 9 LALLY–GREEN, J., concurs in the result.