## Commonwealth v. Bacon

C.P. of Lawrence County, no. 187 of 2009, C.R.

*William J. Flannery, assistant district attorney,* for Commonwealth.

*Phillip Berezniak,* for defendant.

PICCIONE, *J.,* January 14, 2010—Before the court for disposition is defendant's omnibus pretrial motion. Mark Robert Bacon (defendant) is charged with one count of possession of a controlled substance with intent to manufacture or deliver under 35 P.S. §780-113(a)(30), one count of possession of a controlled substance under 35 P.S. §780-113(a)(16), and one count of possession of drug paraphernalia under 35 P.S. §780-113(a)(32).

The charges in this case arise from an incident occurring in the early morning hours of February 15, 2009. Officer Michael McBride of the Ellwood City Borough

Police Department was patrolling the Fountain Avenue area of Ellwood City, an area with a high level of drug-related criminal activity, when he saw the defendant sitting in front of the Shelby Bar at the intersection of First Street and Fountain Avenue. Officer McBride drove next to and briefly spoke to the defendant, who said he was waiting for a ride. Shortly after resuming his patrol, Officer McBride noticed a white Dodge minivan with only one head light traveling west on Fountain Avenue at approximately 2 a.m. As Officer McBride turned his patrol car around to conduct a traffic stop, the minivan pulled into a parking lot in front of the Shelby Bar. The defendant then walked over to the minivan as Officer McBride pulled in behind it and initiated his overhead lights.

There is a dispute as to whether the defendant ever entered the minivan. Officer McBride maintains that the defendant entered the van while the defendant argues that he remained outside of it. According to Officer McBride, the defendant then exited the minivan while Officer McBride was reporting the license plate number and description of the vehicle. There is also a dispute as to what happened as Officer McBride exited his patrol car and approached the minivan and the defendant. Officer McBride states that the defendant shouted obscenities and accused the officer of harassing him. Officer McBride then ordered the defendant to get back into the minivan. The defendant continued to argue, causing Officer McBride to attempt to pat him down. As soon as Officer McBride touched him, the defendant began throwing his arms in the air and fighting with the officer. Officer McBride then subdued the defendant with an arm

bar and put him over the police cruiser. The defendant maintains that he attempted to walk away from the minivan as soon as the overhead lights of the patrol car were activated. Officer McBride then ordered the defendant to come back so he could be patted down. The defendant refused, and the officer grabbed him and slammed him onto the police cruiser.

The defendant and Officer McBride both agree that the officer then called for backup and attempted to put handcuffs on the defendant. A frisk was conducted, and a plastic bottle containing five baggies of cocaine was found in the defendant's front pocket. The defendant was taken to the police station where he was searched before being placed in his cell. The search revealed that the defendant was carrying 4.5 Xanax, 1 Suboxone, 2 broken Suboxone, and 30 milligrams of Roxicodone.

On May 7, 2009, the defendant filed an omnibus pre-trial motion, arguing that Officer McBride lacked the reasonable suspicion necessary to justify a search of the defendant because he did not possess articulable and reasonable grounds to suspect the defendant of criminal activity. According to the defendant, all evidence obtained as a result of the search must be suppressed. A hearing on the defendant's motion was held on October 9, 2009. The parties presented conflicting testimony regarding the circumstances that caused Officer McBride to stop and search the defendant.

Where a motion to suppress has been filed, the burden is on the Commonwealth to establish by a preponderance of the evidence that the challenged evidence is admissible. *Commonwealth v. Lindblom,* 854 A.2d 604, 605

(Pa. Super. 2004). At the conclusion of the hearing, the suppression court judge shall enter findings of fact and conclusions of law as to whether the evidence was lawfully obtained. Pennsylvania Rules of Criminal Procedure Rule 581(I). "It is within the suppression court's sole province as fact-finder to pass on the credibility of witnesses and the weight to be given their testimony." *Commonwealth v. Elmobdy,* 823 A.2d 180, 183 (Pa. Super. 2003). The suppression court judge is entitled to believe all, part or none of the evidence presented. *Commonwealth v. Snell,* 811 A.2d 581, 584 (Pa. Super. 2002). "When faced with conflicting testimony, a suppression court, as fact-finder, may pass upon credibility, and these findings will not be disturbed when supported by the record." *Commonwealth v. Fahy,* 512 Pa. 298, 309, 516 A.2d 689, 696 (1986).

Defense counsel offered the testimony of Natasha Rodgers and the defendant. Ms. Rodgers, a friend of the defendant's, testified that the defendant never got in the minivan. She admitted, however, that she never actually saw from her front seat position whether the defendant entered the van through the back seat door. She also was unable to remember anything about the interaction between the defendant and Officer McBride. Due to her vague recollection of the events of that night and her inability to observe whether the defendant entered the van, the court concludes that Ms. Rodgers is not a credible witness.

The defendant testified that he was waiting for a ride and that Anthony Houk, the driver of the minivan and a friend of the defendant's, was offering him one. The defendant stated, however, that the only reason he spoke

to Mr. Houk was to tell him that he was missing a headlight. The defendant could have said this to Mr. Houk at his or Ms. Rodgers' window but instead chose to walk around to the back seat passenger's door, open it, and warn him about Officer McBride from there. Because the defendant needed a ride, Mr. Houk was offering one, and the defendant opened the backseat passenger's door, it is unlikely that the defendant was only warning Mr. Houk about the minivan's missing headlight.

Officer McBride and the defendant presented conflicting accounts about their exchange. Defense counsel presented little or no evidence to cast doubt on the credibility of Officer McBride, a full-time police officer with over nine years of experience. The Commonwealth, however, has presented sufficient testimony to cast doubt on the credibility of the defense witnesses. Viewing Officer McBride as the more credible witness, this court finds that the defendant entered the van, exited it as the officer approached, and belligerently confronted the officer. A pat-down of the defendant followed by a search at the police station revealed the evidence which the defendant now seeks to suppress.

All Pennsylvania citizens are afforded an expectation of privacy of their persons from unreasonable searches and seizures without the required probable cause under both Article I, Section 8 of the Pennsylvania Constitution and the Fourth Amendment of the United States Constitution. "In T*erry v. Ohio,* [392 U.S. 1, (1968)] . . . the United States Supreme Court created an exception to the Fourth Amendment requirement that police have probable cause before conducting a search of a citizen." *Commonwealth v. Jackson,* 907 A.2d 540, 543 (Pa. Super.

2006). The exception permits a police officer to stop and frisk a citizen if the officer has "reasonable articulable suspicion" that criminal activity is afoot and that the suspect may be armed and dangerous. *Commonwealth v. Shelly,* 703 A.2d 499, 503 (Pa. Super. 1997). The officer may briefly detain a citizen for investigatory purposes if the officer "observes unusual conduct which leads him to reasonably conclude, in light of his experience, that criminal activity may be afoot." *Commonwealth v. Fitzpatrick,* 446 Pa. Super. 87, 91, 666 A.2d 323, 325 (1995). (citation omitted)

In deciding whether reasonable suspicion is present, courts must consider the totality of the circumstances viewed through the eyes of a trained officer. *Jackson,* 907 A.2d at 543. The officer's reasonable suspicion must be based on specific and articulable facts, including observations of suspicious or irregular behavior on the part of the particular defendant. *Commonwealth v. Ayala,* 791 A.2d 1202, 1208-1209 (Pa. Super. 2002). "The fundamental inquiry is an objective one, namely, whether 'the facts available to the officer at the moment of the intrusion warrant a man of reasonable caution in the belief that the action taken was appropriate.'" *Commonwealth v. Zhahir,* 561 Pa. 545, 552, 751 A.2d 1153, 1156 (2000) (citing Terry, 392 U.S. at 21-22). The focus of the law of search and seizure is on "the delicate balance of protecting the right of citizens to be free from unreasonable searches and seizures and protecting the safety of citizens and police officers by allowing police to make limited intrusions on citizens while investigating crime." *Commonwealth v. Blair,* 860 A.2d 567, 571 (Pa. Super. 2004).

In the case sub judice, the defendant was detained and ultimately frisked by Officer McBride. The question is whether there was reasonable suspicion to justify Officer McBride taking such action. Although the traffic stop originally had nothing to do with the defendant, Officer McBride ordered the defendant to get back into the minivan. Officer McBride testified that he did this because he was concerned for his own safety and the safety of everyone at the scene. Allowing police officers to control all movement in a traffic encounter is a reasonable and justifiable step towards protecting their safety. *Commonwealth v. Mack,* 953 A.2d 587, 590 (Pa. Super. 2008). The Superior Court has held that "a police officer may lawfully order a passenger who has exited and/or attempted to walk away from a lawfully stopped vehicle to re-enter and remain in the vehicle until the traffic stop is completed, without offending the passenger's rights under the Fourth Amendment." *Commonwealth v. Pratt,* 930 A.2d 561, 567 (Pa. Super. 2007). Thus, Officer McBride possessed the authority to order the defendant back into the minivan, provided it was necessary to ensure his safety and the safety of others.

Several factors have been found to support a police officer's reasonable suspicion that he or others may be in danger. Courts have found cause for reasonable suspicion when the incident occurred after midnight and in a high drug traffic area. *In the Interest of S.J.,* 551 Pa. 637, 642, 713 A.2d 45, 47 (1998). Mere presence in a high crime area does not justify a stop; however, it does contribute to reasonable suspicion justifying a search. *Commonwealth v. Powell,* 934 A.2d 721, 722 (Pa. Super. 2007). "The fact that an officer may be outnumbered is

certainly a factor to be considered when determining whether an officer's safety is at risk." *Mack,* 953 A.2d at 591. Courts have also found cause for reasonable suspicion if the officer believed the defendant was agitated. *Id.; Commonwealth v. Albarran,* 6 D.&C.5th 287 (2008).

The factors cited above are applicable to this case. The traffic stop occurred at approximately 2 a.m. The area in which the stop occurred was known as a place with a high degree of drug and criminal activity. Officer McBride was not accompanied by any other police officers; however, he knew he was outnumbered because he could see into the van with the help of his overhead lights. Considering these facts, Officer McBride was justified in stopping the defendant and ordering him back into the van.

Officer McBride was also entitled to search the defendant. To justify a frisk, an officer need not be absolutely certain that the individual is armed; the issue is whether "a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Commonwealth v. Kondash,* 808 A.2d 943, 948 (Pa. Super. 2002). It was reasonable for Officer McBride to be concerned about the safety of those at the scene. Late at night in a high crime area, the defendant entered the mini-van and quickly exited shortly after Officer McBride arrived. When the officer ordered the defendant back into the van, the defendant refused and became agitated. Despite Officer McBride's attempts to calm him, the defendant became more confrontational and ultimately attempted to fight off the officer. These

circumstances gave rise to a reasonable, articulable suspicion that criminal activity was afoot and that the safety of everyone involved was threatened. As such, Officer McBride was justified in his actions, and the defendant is not entitled to suppression of the evidence against him.

Based on the foregoing, the defendant's omnibus pretrial motion is hereby denied.

## ORDER

And now, January 14, 2010, this court having held a hearing on October 9, 2009 to hear defendant Mark Robert Bacon's omnibus pretrial motion, with Assistant District Attorney William J. Flannery, Esquire, appearing and representing the Commonwealth, and Phillip Berezniak, Esquire, appearing and representing the defendant, and upon a complete and thorough review of the applicable record, the court enters the following order and it is hereby ordered, adjudged and decreed as follows:

(1) The defendant's omnibus pretrial motion is denied pursuant to the attached opinion.

(2) The clerk of courts shall properly serve notice of this order and opinion upon counsel of record; and if a party has no counsel, then upon said party at his last known address as contained in the court's file.